

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | ) |
| | ) **JUDGE RICHARD L. SPEER** |
| Weldon Stump & Co., Inc. | ) |
| | ) Case No. 07-3108 |
| Debtor(s) | ) |
| | ) (Related Case: 05-32505) |
| Old Trail Limited, Inc. | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| John Graham, Trustee, et al. | ) |
| | ) |
| Defendant(s) | ) |

## DECISION AND ORDER

This cause comes before the Court on the Plaintiff's Motion for Summary Judgment and Memorandum in Support. (Doc. No. 26 & 27). By way of its Motion, the Plaintiff seeks to recover funds currently held by the Defendant, John Graham, the Chapter 7 Trustee. The other Defendants to this action are: Fifth Third Bank and Yoder Machinery Sales Company. (Doc. No. 1). Also pending in this proceeding, the Defendant, Fifth Third Bank, brought a cross-claim against the Trustee and a counterclaim against the Plaintiff.

On the Plaintiff's Motion for Summary Judgment, no response was submitted by any party within the time period prescribed by Local Bankruptcy Rule 9013-1(b). However, even though unopposed, the Plaintiff is not automatically entitled to judgment in its favor. Summary judgment motions do not embrace default judgment principles. *Vermont Teddy Bear Co., Inc. v. 1-800*

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
Case No. 07-3108

*Beargram Co.*, 373 F.3d 241, 242 (2nd Cir. 2004). Thus, even when unopposed, a court must still make a determination, based upon the record before it, whether the movant is entitled to judgment in its favor. *Id.* In accordance therewith, the Court has now had the opportunity to review the Plaintiff's Motion for Summary Judgment together with the accompanying Memorandum, supporting affidavits and exhibits, as well as the entire record in this case. Based upon this review, and for the reasons set forth herein, the Court finds that the Motion should be Granted.

## STANDARD FOR SUMMARY JUDGMENT

Before this Court is the Plaintiff's Motion for Summary Judgment. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When presented with a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

A party seeking summary judgment carries the initial burden of informing the court of the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may then discharge its initial burden by showing that there is an absence of evidence to support the non-moving party's case. *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). In making this assessment, a court may properly rely on the facts provided by the moving party when, as here, the motion for summary judgment is unopposed. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-05 (6th Cir.1992).

Page 2

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
**Case No. 07-3108**

To this end, the facts as presented by the Plaintiff, and supported by the record in this case, are outlined below.

## FACTS

On March 22, 2005, an involuntary Chapter 11 petition was filed against the Debtor. (Main Case, Doc. No. 1). Subsequently, the petition was converted to one under Chapter 7 of the United States Bankruptcy Code. (Main Case, Doc. No. 19). On June 7, 2005, the Court entered an order for relief against the Debtor. At this time, the Defendant, John Graham, who had been previously appointed interim trustee, was ordered to continue, and has since remained in his capacity as Chapter 7 trustee. (Main Case, Doc. No. 34).

The Plaintiff, Old Trail Limited, is a corporation formed to purchase and sell used industrial machinery and equipment. It is a closely-held corporation with one shareholder: Mr. Robert Stump. Mr. Stump is also the sole shareholder of the Debtor, Weldon F. Stump & Co., Inc., a corporation also formed for the purpose of purchasing and selling used machinery and equipment. Both of these corporations have at times entered into a partnership relationship with a third corporation: the Co-Defendant, Yoder Machinery Sales Company.

In the Fall of 2001, the Plaintiff partnered with Yoder Machinery, as well as two other corporations, Casey Equipment and National Machinery Exchange, for the purpose of acquiring used industrial equipment. The Plaintiff, as a capital contribution to this partnership, drew on a line of credit it maintained with Fifth Third Bank, transferring the sum of $119,167.00 to an account maintained by Casey Equipment. This contributive share to the partnership eventually yielded the sum of $484,723.31. These funds, formerly held by Casey Equipment, were later transferred to the Trustee pending a determination as to the Parties' respective interests in the property.

Page 3

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
Case No. 07-3108

## LEGAL ANALYSIS

The Complaint, upon which the Plaintiff seeks summary judgment, is one to recover property currently held by the Trustee – specifically, the sum of $484,723.31, representing those funds received by the Trustee from Casey Equipment. Such a proceeding, involving a determination of the estate's interest in the property, is a core proceeding; thus, this Court has been conferred with the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C.A. §§ 157(b)(2)(A)/(E)/(O); *see also Wagner v. Amwest Ins. Group, Inc. (In re Amwest Ins. Group, Inc.)*, 285 B.R. 447, 455 (Bankr. C.D.Cal. 2002) (determination of what constitutes property of the bankruptcy estate is akin to a turnover proceeding concerning the administration of the estate).

One of the primary duties of a Chapter 7 trustee is to marshal a debtor's assets for the benefit of the debtor's creditors. *Crestar Bank v. Neal (In re Kitchin Equipment Co. of Virginia, Inc.)*, 960 F.2d 1242, 1245 (4th Cir. 1992). This power to administer a debtor's property, on behalf of the debtor's creditors, however, only extends to estate property. 11 U.S.C. § 704(a)(1). Thus, whether the Plaintiff is entitled, under its complaint, to recover the funds held by the Trustee is first and primarily dependent on the resolution of this issue: whether such funds became included in the Debtor's bankruptcy estate?

Section 541(a)(1) governs what property will be incorporated into a debtor's bankruptcy estate, providing:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Page 4

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
**Case No. 07-3108**

This statutory definition of estate property is broad so as to fulfill its purpose of bringing "anything of value that the debtors have into the estate." *Booth v. Vaughan (In re Booth)*, 260 B.R. 281, 284-85 (6th Cir. B.A.P. 2001), *quoting* H.R.Rep. No. 95-595 at 176 (1977), reprinted in 1978 U.S.C.C.A.N. *331 5787, 5963, 6136). Under its broad scope, estate property will reach to include "a variety of tangible or intangible property as well as future, non-possessory, or contingent interests and causes of action." *Lyon, Trustee v. Eiseman, et al (In re Forbes)*, 372 B.R. 321, 331 (6th Cir. B.A.P. 2007), *citing Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). Similarly, possession of property by an entity other than the debtor will not divest the estate of an interest in that property so long as the debtor had an interest in the property at the commencement of the case. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (debtor's property seized by creditor, IRS, prepetition was property of the estate.).

On the other hand, the estate's interest in property is derived through the debtor. *French, Trustee v. M.A. Johnson (In re Coomer)*, 375 B.R. 800, 804 (Bankr. N.D.Ohio 2007). An interest, therefore, in property maintained by a third-party does not become property of the debtor's bankruptcy estate to the extent of that third-party's interest in the property. *In re Smith*, 310 B.R. 320, 322 (Bankr. N.D.Ohio 2004). The Plaintiff's Motion for Summary Judgment is premised on this fundamental tenet. In its Memorandum in Support of Summary Judgment, the Plaintiff stated in "the instant action, the Debtor has no interest in the property, as it was not a partner to the transaction, and it did not provide any capital contribution for the purchase of the machinery." (Doc. No. 27, at pg. 6).

Federal law controls whether an interest in property becomes property of the bankruptcy estate. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *Kitchen v. Boyd (In re Newpower)*, 233 F.3d 922, 928 (6th Cir.2000). And given the broad definition of estate property, as just outlined, it can be stated, without the need for further explanation, that the funds held by the Trustee is an interest in property capable of being including in a debtor's bankruptcy

Page 5

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
Case No. 07-3108

estate. However, for purposes of § 541(a), the underlying property interest, itself, is created and defined by applicable non-bankruptcy law, in this case Ohio law. *Id.* Thus, whether the funds held by the Trustee are a part of the Debtor's bankruptcy estate is dependent on whether, under Ohio law, the Debtor had any prepetition interest in the funds.

As an initial matter, it can be safely assumed that the business relationship entered into by the Plaintiff with Yoder Machinery, Casey Equipment and National Machinery Exchange was that of a partnership, with the Plaintiff being a general partner thereof. Ohio law defines a partnership as "an entity of two or more persons to carry on as co-owners a business for profit . . . ." O.R.C. § 1775.05(A). Ohio law also provides, for purposes of this statute, that a "person" may include not only individuals, but other business entities, including corporations. O.R.C. § 1775.01(C).

With respect to this partnership, the facts as presented in this matter show that the $484,723.31 in funds currently held by the Trustee are comprised of these two components: (1) the initial capital contribution made by the Plaintiff to the partnership; and (2) the proportionate share of the profit realized by the partnership on the Plaintiff's capital contribution. As it regards the first, Ohio law provides, in relevant part, that "[e]ach partner shall be repaid the partner's contribution, whether by way of capital or advances, to the partnership property . . . ." O.R.C. § 1775.17(A). For the latter, *i.e.*, the profits realized by the partnership, Ohio law goes on to provide that a "partner's interest in the partnership is his share of the profits and surplus . . . ." O.R.C. § 1775.25.

From this, it follows that only the Plaintiff, and not the Debtor, has an interest in those funds held now by the Trustee. The Debtor, as set forth in § 1775.17(A), did not make a capital contribution to the partnership. There is also no indication that the Debtor, as an entity, became involved in the partnership so as to qualify as a partner under § 1775.05(A), thereby entitling the Debtor to the profits and surplus of the partnership in accordance with § 1775.25.

Page 6

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
Case No. 07-3108

To be sure, both the Plaintiff and the Debtor, as corporate entities, have a significant commonality: Mr. Robert Stump is the sole shareholder of both corporations. However, alone, this does not warrant disregarding the corporate form and affording the Debtor an interest in property otherwise rightfully belonging to the Plaintiff. Under Ohio law, the corporation is a distinct legal entity, separate and apart from the natural person(s) who compose it, and, in the absence of fraud or a manifest injustice, will not be disregarded. *Belvedere Condominium Unit Owners' Assoc. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 289, 617 N.E.2d 1075, 1086 (1993)[1]; *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 608 (6th Cir. 2005). This is especially true where the corporate form is observed. *Pottschmidt v. Klosterman*, 169 Ohio App.3d 824, 865 N.E.2d 111, 121 (Ohio App. 2006).

In this case, the Plaintiff's corporate status was not controverted. The Trustee also did not make any direct allegations of fraud on the part of the Plaintiff which would warrant disregarding its corporate form. Moreover, the facts presented by the Plaintiff tend to show that it obtained its financing from a source separate from that of the Debtor: the Plaintiff utilized Fifth Third Bank for its financing, while the Debtor utilized Huntington National Bank. It would thus appear that, insofar as it concerns the Plaintiff and the Debtor, their separate corporate identities were observed.

The Trustee, however, in seeking to establish the estate's interest in the funds, relies heavily on misrepresentations allegedly made to him by Plaintiff's legal counsel. (Doc. No. 4). In particular, the Trustee put forth that Plaintiff's counsel had represented that the funds he now holds were

---

[1] In this case, the Ohio Supreme Court set forth this three part test to pierce the corporate veil: (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

Page 7

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
**Case No. 07-3108**

proceeds arising from the sale of machinery which had been owned by the Debtor, not the Plaintiff. And based on this allegation, the Trustee contends that under the doctrines of judicial estoppel, collateral estoppel and laches, the Plaintiff is now precluded from asserting an interest in the funds he now holds. *Id.*

However, even if the Trustee's allegations are true, such misrepresentations do not confer upon him an interest in the Plaintiff's property. A typical cause of action, whether based in statute or in the common law, is inchoate and affords a plaintiff no definite or enforceable property right in a defendant's property. *See Arbour v. Jenkins*, 903 F.2d 416, 420 (6th Cir.1990) (a legal claim affords no enforceable property right until reduced to a final judgment). As such, the Trustee's remedy lies not directly against the Plaintiff's property, but rather in bringing a claim for those damages allegedly occasioned by the misrepresentations made by Plaintiff's legal counsel.

In conclusion, the Court, for all these reasons, finds that, for purposes of 11 U.S.C. § 541, the Plaintiff, but not the Debtor, has an interest in those funds now in the Trustee's possession. Therefore, to this extent, the Plaintiff's Motion for Summary Judgment will be Granted, and the Trustee shall turnover to the Plaintiff those funds, totaling $484,723.31, he received from Casey Equipment. However, a further pretrial will be set in this matter to address those claims still remaining, including the cross-claim and counterclaim brought by the Defendant, Fifth Third Bank.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

**Old Trail Limited, Inc. v. John Graham, Trustee, et al.**
Case No. 07-3108

Accordingly, it is

***ORDERED*** that, as set forth in this Decision, the Motion for Summary Judgment of the Plaintiff, Old Trail Limited, Inc., be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that this matter is hereby set for a Further PreTrial, to be held on Thursday, February 21, 2008, at 1:00 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

Dated: January 31, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 31th day of January, 2008 to:

Fifth Third Bank
606 Madison Avenue
Toledo, OH 43604

Michael A Gonzalez
Marshall & Melhorn, LLC
4 SeaGate
8th Fl
Toledo, OH 43604

John Graham
c/o Bruce S. Schoenberger
Gressley, Kaplin & Parker, LLP
608 Madison Avenue, Suite 930
Toledo, OH 43604-1128

Howard B Hershman
608 Madison Ave
#930
Toledo, OH 43604-1129

Old Trail Limited, Inc.
1246 Old Trail Drive
Maumee, OH 43537

John J McHugh, III
5580 Monroe St
Sylvania, OH 43560

Patrick A. Sadowski
McHugh & McCarthy, Ltd
5580 Monroe Street
Sylvania, OH 43560

Yoder Machinery Sales Company
P.O. Box 100
Holland, OH 43528

Brian R Craig
McHugh & McCarthy, Ltd.
5580 Monroe Street
Sylvania, OH 43560

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court